Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1675 | **DATE** | 2/20/2001 |
| **CASE TITLE** | NONA FARRAR vs. CITY OF CHICAGO, et al | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Counts IV and VI are dismissed with prejudice. In addition, the official capacity suits against Hillard and Nelson are dismissed with prejudice. As a result, defendants Hillard and Nelson are dismissed as parties with prejudice. Count VII, however, is not dismissed. In addition, the allegations of conduct involving "sirens, horns, and planes" and visual surveillance of Farrar outside her home are not dismissed. Therefore, defendants' motion to dismiss is granted in part and denied in part. Defendants are given twenty-one days from the date of this Memorandum Opinion and Order to file an answer. Status hearing set for 3/14/01 at 9:15a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | FEB 22 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | 32 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

| | |
|---|---|
| NONA FARRAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 00 C 1675 |
| ) | Paul E. Plunkett, Senior Judge |
| CITY OF CHICAGO, et al. ) | |
| ) | |
| Defendants. ) | |

DOCKETED

FEB 2 2 2001

## MEMORANDUM OPINION AND ORDER

Plaintiff Nona Farrar, ("Farrar"), has filed a seven count amended complaint against Kathryn Nelson and Terry Hillard, unidentified Chicago Police Department personnel, unidentified Chicago Fire Department personnel, and unidentified Streets and Sanitation personnel, (collectively referred to as "defendants"). All defendants have been sued in their individual and official capacities. In her amended complaint, Farrar has alleged that defendants participated in a conspiracy in which they used electronic equipment to conduct illegal surveillance on her. Pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6), defendants have moved to dismiss Counts IV, VI, VII, and alleged conduct involving "sirens, horns, and planes' and involving visual surveillance outside Farrar's home. For the reasons provided in this Memorandum Opinion and Order, we grant defendants' motion to dismiss in part and deny it in part.

## Facts[1]

Farrar has been a resident of Chicago for twenty-five years. All of the defendants are employees of the City of Chicago. Prior to May of 1999, Farrar brought suit against the police and fire departments; researched law enforcement abuses and reported those findings; assisted alleged victims of law enforcement and fire department abuses; filed freedom of information requests on the police and fire departments; monitored traffic aides; and formed a non-profit civil rights organization designed to curb civil rights violations.

In an attempt to curb this activity, the unidentified defendants electronically monitored Farrar's home, office, and places she frequented. In addition, they monitored her computer use at school and work. The unidentified defendants made it clear that they were hearing and seeing her every move, including her legal strategies, through the use of sirens, horns, and planes. As a result, Farrar had to go to extreme measures to do normal things, such as getting dressed, bathing, and using the restroom. We have jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343.

## Legal Standard

On a motion to dismiss under Rule 12(b)(6), all well-pleaded allegations in the complaint must be taken as true, with all reasonable inferences drawn in the plaintiff's favor. See Sherwin Manor Nursing Ctr., Inc. v. McAuliffe, 37 F.3d 1216, 1219 (7th Cir. 1994). A complaint may be dismissed only if it is clear that no set of facts consistent with its allegations would entitle the plaintiff to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

---

[1] The relevant facts set forth herein are taken from Farrar's Amended Complaint.

## Discussion[2]

In its motion to dismiss, defendants have attacked Counts IV, VI and VII of Farrar's seven count complaint. In addition, defendants assert that the official capacity claims against Hillard and Nelson should be dismissed. Finally, defendants argue that Farrar has not stated any claim against any of the defendants arising from alleged conduct involving "sirens, horns, and planes" and visual surveillance outside her home.

In Count IV, Farrar alleges that the unidentified defendants invaded her privacy rights in violation of the Illinois Constitution. ILL. CONST. art I, § 6. Article I, section 6 provides a right to be free from "interceptions of communication by eavesdropping devices." Defendants argue that Count IV should be dismissed because it is improper for Farrar to seek a private right of action pursuant to a constitutional provision. We find Amati v. City of Woodstock, 829 F. Supp. 998, 1005 (N.D. Ill.1993), dispositive. The plaintiffs in Amati were not allowed to bring suit under Article I, section 6 because the Illinois General Assembly had provided a statutory cause of action, i.e., the Illinois Eavesdropping Act. 720 ILL. COMP. STAT. 5/14-6 (West 2000). Therefore, because Illinois courts have not implied a private right of action under Article I, section 6, and because Count III is brought under the Illinois Eavesdropping Act, Count IV is dismissed with prejudice.

In Count VI, Farrar alleges that defendants Hillard and Nelson facilitated a conspiracy against her in violation of 42 U.S.C. § 1983, 28 U.S.C. § 1985, and 42 U.S.C. § 1986. Defendants argue that Count VI should be dismissed because all the alleged conspirators work for the same entity, i.e., the City of Chicago. We agree. According to David v. Village of Oak Lawn, 1996 WL 2100072 (N.D.

---

[2]In her response brief, Farrar attached several transcripts and letters. Because a 12(b)(6) motion deals with the sufficiency of the pleadings, these materials are improper and were not considered by us in determining the merit of defendants' motion.

Ill. Apr. 29, 1996), a conspiracy cannot exist, for purpose of a claim of conspiracy pursuant to § 1983, solely between members of the same entity. This holding was expanded to include claims brought pursuant to § 1985 in Payton v. Rush-Presbyterian-St. Luke's Medical Center, 184 F.3d 623, 632 (7th Cir. 1999).[3] Therefore, because Hillard and Nelson work for the same entity, they are legally incapable of conspiring against Farrar. As a result, Count VI is dismissed with prejudice.

Farrar's complaint sues Hillard and Nelson as defendants in both their individual and official capacities. Defendants argue that the official capacity claims against Hillard and Nelson should be dismissed because an official capacity suit is the same as a suit against the entity of which the employee is an agent. See DeGenova v. Sheriff of Dupage County, 209 F.3d 973, 974 n.1 (7th Cir. 2000). We agree. Because Farrar has named the City of Chicago as a defendant, there is no need to sue Hillard and Nelson in their official capacities. Therefore, the official capacity claims against Hillard and Nelson are dismissed with prejudice.

In Count VII, Farrar has alleged municipal liability against the City of Chicago pursuant to 42 U.S.C. § 1983. She alleges that her constitutional rights were violated by the City's "failure to properly supervise, discipline and otherwise control it's employees who engage in violating the departments own procedures." As a result of the City's failure to control its employees, Farrar claims the City employees were able to violate her rights through, inter alia, electronically monitoring her.

Defendants argue that Farrar's § 1983 municipal liability claim is legally deficient because she has not alleged a causal nexus between the offending City policy and her injuries. In addition,

---

[3]Because a § 1986 claim is a derivative of a § 1985 claim, her § 1986 claim fails with her § 1985 claim. See Stewart v. Harrah's Illinois Corp., 2000 WL 988193 (N.D. Ill. July 18, 2000).

they argue that the allegations that her constitutional injuries were caused by various de facto municipal customs consists of nothing more than conclusory, boilerplate allegations.

To impose § 1983 liability on the City of Chicago, Farrar must show that she was deprived of some constitutionally protected right pursuant to one of the City's customs, policies, or practices. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). She can prove the existence of a custom, policy, or practice in one of three ways: (1) there is an express policy that, when enforced, causes a constitutional deprivation, (2) there is a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law, or (3) an allegation that the constitutional injury was caused by a person with final policy making authority. Baxter by Baxter v. Vigo County School Corp., 26 F.3d 728, 735 (7th Cir. 1994).

We find that Farrar has sufficiently pleaded a § 1983 claim against the City. She has asserted that there exists with the City a pattern of allowing its employees to break established policies without being held responsible. This satisfies the second option of Baxter, i.e., that there is a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law. Farrar has also alleged that, as a result of this widespread practice, defendants were allowed to violate her constitutional rights. These allegations state a claim under § 1983 for municipal liability. We find Farrar has sufficiently alleged a causal nexus between the offending City policy and her injuries and, therefore, we reject defendants argument.

We also find defendants' argument that the allegations are too conclusory to be without merit. Federal notice pleading requires only that the plaintiff "set out in her complaint a short and plain

statement of the claim that will provide the defendant with fair notice of the claim." Scott v. City of Chicago, 195 F.3d 950, 951 (7th Cir. 1999). She has does so. Whether Farrar can ultimately offer evidence in support of her § 1983 municipal liability claim is appropriately decided on a motion for summary judgment. Therefore, Count VII states a claim upon which relief may be granted.

Finally, defendants argue that Farrar has not stated any claim against defendants arising from alleged conduct involving "sirens, horns, and planes" and visual surveillance outside her home. Because defendants chose not to address the merits of Counts I, II, III, and V of Farrar's amended complaint, we are unable to strike these allegations at this time. For all we know, Farrar has a legally sufficient basis for alleging these facts in Count I, II, III, or V. However, while it is not clear at this stage of the proceedings whether these allegations have a basis under one of the counts not addressed by this motion, they clearly cannot be the basis for a Fourth Amendment violation claim.

## Conclusion

For the reasons stated above, Counts IV and VI are dismissed with prejudice. In addition, the official capacity suits against Hillard and Nelson are dismissed with prejudice. As a result, defendants Hillard and Nelson are dismissed as parties with prejudice. Count VII, however, is not dismissed. In addition, the allegations of conduct involving "sirens, horns, and planes" and visual surveillance of Farrar outside her home are not dismissed. Therefore, defendants' motion to dismiss is granted in part and denied in part. Defendants are given twenty-one days from the date of this Memorandum Opinion and Order to file an answer.

**ENTER:**

**UNITED STATES DISTRICT JUDGE**

DATED: 2/20/01